NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, | : <br> : <br> : |
| Plaintiff, | :    Hon. Dennis M. Cavanaugh <br> : |
| v. | :    **OPINION** <br> : <br> :    Civil Action No: 11-5588(DMC)(JAD) |
| NEW JERSEY INSTALLATIONS, LLC, NJ INTERIORS, LCC | : <br> : <br> : <br> : |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion by New Jersey Installations, LLC ("Defendant") to Dismiss Count's I and II of New Jersey Regional Council of Carpenters' ("Plaintiff") Complaint. After carefully having considered the submissions of the parties, and for the reasons stated herein, Defendant's Motion to Dismiss Count I is **granted** with prejudice, and Defendant's Motion to require Plaintiff to plead a more definite statement with regards to Count II is **granted** without prejudice. To the extent that Defendant's Motion to Dismiss Count II has been granted, dismissal is without prejudice, and Plaintiff has the opportunity to refile that of its Complaint within 30 days of this opinion.

**I. BACKGROUND[1]**

---

[1] The facts in the Background section have been taken from the Complaint. On this motion to dismiss, the Court will accept the factual allegations in the Complaint as true and construe all facts in Plaintiff's favor.

This action is based on provisions of the Federal Arbitration Act, 9 U.S.C. §§ 13, and the Labor Management Relations Act, 29 U.S.C. § 141. Plaintiff asserts that Defendant has allegedly violated the terms of a collective bargaining agreement ("CBA") that was entered into with Plaintiff. Plaintiffs allege that Defendant maintained and operated a second company, NJ Interiors[2], in order to circumvent the requirements of the CBA and to deny Plaintiffs certain job opportunities.

The terms of the CBA obligated Defendants to employ members of the Plaintiff's organization to perform all carpentry work as defined by the CBA ("covered work"), to pay its employees performing covered work the wage rate as set forth in the CBA, and to make benefit contributions at the rate set forth in the CBA to the New Jersey Carpenters Funds on behalf of employees performing covered work. (Compl. ¶ 13). Further, Article XIX of the CBA prohibited Defendant from subcontracting any covered work to an entity not signatory to a CBA with the Plaintiffs. Article XIX further forbid those responsible for the ownership and management of NJ Installations from forming an entity to circumvent its obligations under the CBA. (Compl. ¶¶ 14, 15).

Plaintiff initiated an arbitration proceeding alleging that Defendant and NJ Interiors were sufficiently interrelated to satisfy a "double-breasted relationship", and further alleging that Defendant operated and managed a non-union entity to avoid the obligations of the (Compl. ¶¶ 23, 24). The Arbitrator issued an Award and Order finding that Defendant violated the terms of the CBA by operating in an interrelated matter with NJ Interiors as a single employer, and further

---

[2]NJ Interiors is also a Defendant in this matter, but has not Moved to Dismiss any counts of the Complaint.

awarded the Plaintiffs damages for lost work opportunities and fringe benefit fund contributions. NJ Installations has failed to comply with the Arbitrator's award. (Id. At ¶¶ 26, 27, 28).

In the first two counts of the instant Complaint, Plaintiff seeks: (1) Confirmation of the Arbitration Award in its favor, and a judgment of $46,674.83, which is the total amount of the arbitration award; and (2) judgment against Defendant for all violations of the CBA, for liquidated damages, for interest, and for attorney's fees and costs.

Defendant contends that these two counts have already been fully litigated in a matter before the Honorable Stanley R. Chesler, USDJ. In that action, Judge Chesler ruled in Plaintiff's favor and confirmed the Arbitrator's "Award and Order." Defendants further contends that Count II re-words the claim in Count I without specific facts and allegations. Defendant states that if Plaintiff seeks relief that is different than that sought in Count I, Plaintiff must re-plead Count II, in order to specify what acts and damages form the basis of this Count.

Plaintiff filed a Complaint on September 26, 2011. Defendant filed a Motion to Dismiss on February 20, 2011. Plaintiff filed Opposition on March 19, 2012. Defendant filed a Reply on March 22, 2012. The matter is now before this Court.

## II. STANDARD OF REVIEW

**A. Fed.R.Civ.P. 12(b)(6)**

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

### B. Fed.R.Civ.P. 12(e)

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. SGS U.S. Testing Company v. Takata Corporation, et al, No. 09-CV-6007, 2010 U.S. Dist. WL 3035742, *4 (D. N.J. Aug. 3, 2010). The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. Id. If the court orders a more definite statement and the order is not obeyed within fourteen days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order. Id.

### III. DISCUSSION

#### A. Count I

Defendant contends that it is procedurally improper to seek the same relief between the same parties in two different cases and before two different courts. Defendant states that Count I, which seeks to affirm the arbitrator's award and order, has already been affirmed by Judge Chesler the matter N.Jersey Interiors, LLC v. New Jersey Regional Council of Carpenters,

et al., Civil Action No.: 11-724 (SRC). Since the filing of the initial Complaint, Plaintiffs have acknowledged that the matter has been resolved by Judge Chesler. Plaintiff has now filed a Notice of Dismissal of that Count of the Complaint. (ECF 14). Accordingly, Count I is dismissed.

### B. Count II.

Defendant moves to compel Plaintiff to provide a more definite statement in accordance with FED.R.CIV.P. 12(e). Defendant asserts that a fair reading of Count II gives the impression that Plaintiff is asking for the same relief sought in Count I. If a different relief is sought, Defendant asks that Plaintiff re-plead Count II, in order to specify what acts and damages form the basis of this Count.

Plaintiff contends that Count II of the Complaint is a sufficient request for relief, and that Count II further complies with FED.R.CIV.P. 8(a)(2), which requires that the pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In Plaintiff's Memorandum in Opposition of Defendant's Motion to Dismiss, however, Plaintiff indicates that the relief sought in Count II is different from that sought in Count I. Plaintiff further explains that the damages in Count I only dealt with a single violation of the CBA on a single project jobsite, and that Count II seeks recovery for the extensive and long running operation which was in violation of the terms of the CBA. (ECF 14, P. 4, 5). This is the first time that Plaintiff has made clear that the relief sought in Count II is for activities of the Defendant that exceed those in the arbitration award and order. Accordingly, the Court finds Defendant's request appropriate one, and Plaintiff must replead that portion of the Complaint with more specificity.

**IV. CONCLUSION**

        For the foregoing reasons, Defendants' Motion to Dismiss is **granted**, and Defendant's Motion for a more definite statement is **granted**. An appropriate Order accompanies this Opinion.

                                           S/ Dennis M. Cavanaugh
                                           Dennis M. Cavanaugh, U.S.D.J.

Date: August   29  , 2012

Original:  Clerk
cc:       All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File