NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY REGIONAL COUNCIL OF CARPENTERS, | |
| Plaintiff, | Hon. Dennis M. Cavanaugh |
| v. | **OPINION** |
| NEW JERSEY INSTALLATIONS, LLC, and NEW JERSEY INTERIORS, LCC | Civil Action No: 11-5588(DMC)(JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Defendant New Jersey Interiors, LLC ("Interiors") to Dismiss the Amended Complaint of Plaintiff New Jersey Regional Council of Carpenters ("Plaintiff") pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was held. After carefully considering the parties' submissions, and for the reasons stated herein, Defendant's Motion to Dismiss is **granted with prejudice**.

I. **BACKGROUND**[1]

This case concerns a labor dispute between Plaintiff and Interiors and Defendant New Jersey Installations, LLC ("Installations"). This dispute was first heard by arbitrator J.J. Pierson. Plaintiff had entered into a collective bargaining agreement ("CBA") with Installations. The terms of the CBA obligated Installations to employ members of Plaintiff's organization to

---

[1] The facts in the Background section have been taken from the Amended Complaint. (Sept. 27, 2012, ECF No. 21). On this motion to dismiss, the Court will accept the factual allegations in the Amended Complaint as true and construe all facts in Plaintiff's favor.

perform all carpentry work as defined by the CBA ("covered work"), to pay its employees performing covered work the wage rate as set forth in the CBA, and to make benefit contributions at the rate set forth in the CBA to the New Jersey Carpenters Funds on behalf of employees performing covered work. Further, the CBA contained an arbitration provision stating that the employer (Installations) will not attempt to form or participate in the creation or operation of new or double-breasted corporations for the purposes of avoiding the obligations of this Agreement. Plaintiff initiated an arbitration proceeding alleging that Installations and Interiors violated this provision by participating in a double-breasted operation and further alleging that Installations operated and managed a non-union entity to avoid the obligations of the CBA. The Arbitrator issued an Award and Order finding against both Installations and Interiors.

Interiors then filed a Complaint against Plaintiff and Installations ("First Action"). The First Action was assigned docket number 2:11-cv-00724 and was heard by the Honorable Stanley R. Chesler, U.S.D.J. In the First Action, Judge Chesler granted Interiors' Motion to Vacate or Stay the Arbitration Award on the ground that it is for the court, not the arbitrator, to determine whether a non-signatory to a collective bargaining agreement can be held liable on the basis of a relationship between the non-signatory and a signatory. (See Docket 2:11-cv-00724 (SRC)(MAS), Opinion, ECF No. 16, Pgs. 2-4; Order, ECF No. 17). In that same Opinion and Order, Judge Chesler also denied Installation's Motion to Vacate the arbitration award, granted Plaintiff's cross-motion to confirm the arbitration award as to Installations, and denied Plaintiff's cross-motion as to Interiors.

While the First Action was pending before Judge Chesler, Plaintiff filed its First

2

Complaint against Installations and Interiors in the instant matter. Following this Court's August, 29, 2012 Opinion and Order (ECF Nos. 17, 18), granting Installation's Motion to Dismiss with prejudice as to Count One of the first Complaint, and granting without prejudice as to Count Two of the same, Plaintiff filed an Amended Complaint within the time prescribed by this Court.

Interiors filed a Motion to Dismiss Plaintiff's Amended Complaint and an accompanying Brief ("Interiors Mov. Br.") on October 11, 2012. (ECF No. 22). Plaintiff filed an Opposition Brief ("Pl. Opp. Br.") on November 5, 2012. Interiors filed a Reply Brief ("Interiors Rep.") on November 12, 2012. The matter is now before this Court.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-

46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

## III. DISCUSSION

Interiors argues that the Amended Complaint signed and filed by the Plaintiff violates the Entire Controversy Doctrine and should thus be dismissed in its entirety. (Interiors Mov. Br. 10).

The Entire Controvery Doctrive ("ECD") is a controlling principle of law in New Jersey. The Full Faith and Credit Act, 28 U.S.C. § 1738, obliges federal courts to apply New Jersey's ECD when hearing federal causes of action. See Rycoline Prods., 109 F.3d 887 (3d. Cir. 1997); Dowdell v. University of Med. & Dentistry, 94 F.Supp 2d 527, 535 (D.N.J. 2000).

The ECD requires litigants to join in a single action all claims they may have arising out of the same controversy, related factual circumstances, or series of transactions. See DiTrolio v. Antiles, 662 A.2d 494 (N.J. 1995) (precluding claims under ECD and stating claims arising out of related fact or transactions must be joined under ECD). The ECD encompasses "virtually all causes, claims, and defenses relating to a controversy" between parties engaged in litigation. Cogdell v. Hospital Ctr., 560 A.2d 1169 (N.J. 1989).

The ECD is an equitable claim preclusion doctrine, See, e.g., Hobart Bros. Co. V. Nat'l Union Fire Ins. Co., 354 N.J. Super. 299, 241 (N.J. Super. Ct. App. Div. 2002), and is grounded in the New Jersey Constitution of 1947, which states:

> Subject to the rules of the Supreme Court, the Law Division and the Chancery Division shall each exercise the powers and functions of the other division when the ends of justice so require, and legal and equitable relief should be granted in any cause so that all matters in controversy between the parties may be completely determined.

Thus, the purpose of the ECD is to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote fairness and judicial economy and efficiency. See Falcone v. Middlesex County Med. Soc. 47 N.J. 92 (1966). The ECD requires the joinder of "virtually all causes, claims, and defenses relating to a controversy between the parties engaged in litigation." Oltremare v. ESR Custom Rugs, Inc., 330 N.J. Super. 310, 314-15 (N.J. Super. Ct. App. Div. 2000).

Accordingly, "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions)." N.J. CT. R. 4:30A.

Here, Plaintiff violated the ECD when it re-filed its Amended Complaint. In denying Plaintiff's Cross-Motion as to Interiors in the First Action, Judge Chesler did not make any conclusive determination as to whether Interiors was bound by the terms of the CBA. However, Plaintiff, in its Brief in Support of its Cross-Motion to Confirm the Arbitration Award in the First Action, advanced the argument that Judge Chesler should conduct a factual inquiry as to whether or not Interiors was bound to arbitration under the CBA. (See 2:11-cv-00724, ECF No. 13-2, Pgs. 10-16). This request for judicial determination is the same request that has been made to this Court in the instant action. Plaintiff also attached the First Complaint filed in this action as an exhibit in support of its Cross-Motion to Confirm the Arbitration Award in the First Action. (See 2:11-cv-00724, ECF No. 13, Ex. G) The Counts asserted in the First Complaint in this action could have and should have been brought as Counterclaims in the action before Judge Chesler.

Plaintiff concedes this point, stating "while hypothetically Plaintiff could have alleged a counterclaim, it is unclear whether such a claim would have even been permissible." (Pl. Opp. Br. 12). Instead, Plaintiff elected to initiate the instant action while the First Action was still pending before Judge Chesler. The claims in Plaintiff's Amended Complaint stem from the same controversy and factual circumstances that gave rise to the First Action before Judge Chesler. This is exactly the type of fragmented litigation that the ECD seeks to prevent.

Accordingly, Plaintiff's claims are barred by the ECD and the Amended Complaint is dismissed in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Interiors' Motion to Dismiss is **granted with prejudice**, and Plaintiff's Amended Complaint is dismissed in its entirety. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: May //, 2013

Original: Clerk
cc: All Counsel of Record
Hon. Joseph A. Dickson, U.S.M.J.
File